IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ESTATE OF MILLER,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **JULIO ALDECOCEA CEO** | : | |
| **LAKEVIEW LOAN SERVICING LLC,** | : | |
| *Defendant.* | : | **NO. 23-cv-00409** |

# O R D E R

**AND NOW,** this 13th day of April 2023, a review of the docket does not reflect that proper service of the Amended Complaint (ECF No. 8) was made upon Defendant Julio Aldecocea, CEO Lakeview Loan Servicing LLC pursuant to Rule 4 of the Federal Rules of Civil Procedure.[1]

---

[1] Rule 4(h) of the Federal Rules of Civil Procedure provides that service upon a corporation, partnership, or association within a judicial district of the United States is proper if done: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A), (B). Rule 4(e)(1) in turn provides service may be made by: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

As this Court is located in Pennsylvania, this Court first looks to the Pennsylvania Rules of Civil Procedure. Pennsylvania Rule 403 provides: "If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." Pa. R. Civ. P. 403. The Official Note to Rule 403 provides: "The United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent. Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery." *Id.*

Additionally, as service was attempted to be made in Florida, the Court also looks to Florida's service of process rules. Section 48.062 of the Florida Statutes provides, in relevant part that:
> (1) Process against a limited liability company, domestic or foreign, may be served on the registered agent designated by the limited liability company under chapter 605. A person attempting to serve process pursuant to this subsection may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office.

1

It is hereby **ORDERED** that if proper service is not made and fully executed Affidavits of Service or Waivers of Service are not filed on the docket by **May 12, 2023**, the action may be dismissed without prejudice for lack of prosecution as to Defendant Julio Aldecocea, CEO Lakeview Loan Servicing LLC, unless good cause for the failure to comply with Rule 4 is shown prior to that time.

It is further **ORDERED** that the Affidavit for Default Judgment (ECF No. 11) is **DENIED** without prejudice to refile if Defendant fails to respond to a properly served Summons and Complaint.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**

---

(2) If service cannot be made on a registered agent of the limited liability company because of failure to comply with chapter 605 or because the limited liability company does not have a registered agent, or if its registered agent cannot with reasonable diligence be served, process against the limited liability company, domestic or foreign, may be served:
  (a) On a member of a member-managed limited liability company;
  (b) On a manager of a manager-managed limited liability company; or
  (c) If a member or manager is not available during regular business hours to accept service on behalf of the limited liability company, he, she, or it may designate an employee of the limited liability company to accept such service. After one attempt to serve a member, manager, or designated employee has been made, process may be served on the person in charge of the limited liability company during regular business hours.
(3) If, after reasonable diligence, service of process cannot be completed under subsection (1) or subsection (2), service of process may be effected by service upon the Secretary of State as agent of the limited liability company as provided for in s. 48.181.
(4) If the address for the registered agent, member, or manager is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the domestic or foreign limited liability company may be made by serving the registered agent, member, or manager in accordance with s. 48.031.

The Court does not find any evidence of proper service under any of the avenues detailed above. While Plaintiff filed a Proof of Service (ECF No. 9), it appears that Plaintiff filled out the form themselves. Additionally, the form is incomplete and does not name the individual that provided service, nor contain a signature or address for the individual that provided service. The Court notes that service must be made by "[a]ny person who is at least 18 years old and not a party" to the action. Fed. R. Civ. P. 4(c)(2). Additionally, the United States Postal Service receipt, Certified Mail Receipt (Domestic Mail Only), and the tracking updates do not constitute proper proof of service under any of the rules outlined above.

<u>Copies by mail to:</u>

Julio Aldecocea, CEO
Lakeview Loan Servicing LLC
4425 Ponce de Leon Bldg, MS 5-251
Coral Gables, FL 33146

Lakeview Loan Servicing
4425 Ponce de Leon Blvd 5th Floor
Coral Gables, FL, 33146

Jessica Manis
Lake View Loan Servicing
1561 Main Street, Suite 200
Warrington, PA 18976