IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SOLOMON MILLER,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **JULIO ALDECOCEA CEO** | : | |
| **LAKEVIEW LOAN SERVICING LLC,** | : | |
| *Defendant.* | : | **NO. 23-cv-00409** |

## MEMORANDUM

**Kenney, J.**                                                                                     **July 13, 2023**

*Pro se* Plaintiff "Solomon Miller" ("Plaintiff") brings this action against "Julio Aldecocea CEO" of "Lakeview Loan Servicing LLC, et al." raising claims regarding a property foreclosed by order in the Court of Common Pleas in May 2022 and sold in a Sheriffs sale in December 2022.[1] Before the Court is the Defendant Julio Aldecocea's ("Defendant") Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) (ECF No. 15), to which Plaintiff has not responded. For the following reasons, the Court will **GRANT** the Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) and the case will be **DISMISSED** without prejudice. An appropriate Order will follow.

**I.    BACKGROUND**

---

[1]    Plaintiff was the subject of a mortgage foreclosure proceeding in Philadelphia County Court of Common Pleas, captioned *Lakeview Loan Servicing, LLC v. Miller et al.*, December Term, 2022, Civ. A. No. 190904272. Plaintiff is presently subject to an ejectment proceeding in Philadelphia County Court of Common Pleas, captioned *Lakeview Loan Servicing, LLC v. Miller et al.*, June Term, 2023, Civ. A. No. 230400270. Plaintiff also filed civil actions that this Court reviewed previously. *See Miller v. Exelon*, 19-CV-0231, 2019 WL 952273 (E.D. Pa. Feb. 26, 2019); *Miller v. PECO Exelon*, 775 Fed. App'x 37 (3d Cir. 2019); *Miller v. Burt*, 765 Fed. App'x 834 (3d Cir. 2019).

1

The claims and parties involved in this action are unclear. On January 31, 2023, Plaintiff filed a Complaint and a Motion for Leave to Proceed *In Forma Pauperis*. ECF Nos. 1, 2. The Motion for Leave to Proceed *In Forma Pauperis* was signed by "Living Being Solomon Marcellus" as the "Cestui que trust/beneficiary U.S.P.P.I." of the Estate of Miller, while the Complaint was signed by "miller, soloman" in his capacity as the beneficiary of the Estate of Miller. *See* ECF No. 1 at 1; ECF No. 2 at 1–2. In response, on February 13, 2023, this Court issued an Order: (1) denying with prejudice the Motion for Leave to Proceed *In Forma Pauperis* to the extent the Motion was filed on behalf of the Estate of Miller as only a natural person may qualify for treatment *in forma pauperis* under 28 U.S.C. § 1915; and (2) denying without prejudice the Motion for Leave to Proceed *In Forma Pauperis* to allow Solomon Marcellus to file an amended motion for leave to proceed *in forma pauperis* on his own behalf. ECF No. 4. The Court directed the Clerk of the Court to send Plaintiff a blank copy of the Court's form complaint, which Plaintiff could use to file an amended complaint that sets forth any claims he seeks to pursue on his own behalf, because *pro se* plaintiffs are generally prohibited from pursuing claims on behalf of others. ECF No. 4 at 1–3.

On February 15, 2023, Plaintiff filed an Exhibit with three USPS tracking numbers. ECF No. 5 at 3. The first page of the document reads, "Your item was delivered to an individual at the address at 10:16 am on February 6, 2023 in Warrington, PA 18976." *Id.* at 1. On the second page, it reads, "Your item was delivered to the front desk, reception area, or mail room at 2:04 PM on February 6, 2023 in Miami, FL 33146." *Id*. at 2.

On February 27, 2023, "Solomon Miller" paid the civil filing fee (ECF No. 6) and an Amended Complaint was filed. ECF No. 8. The Amended Complaint, which was not a completed form complaint, continues to list the plaintiff in the case caption as "Estate of Miller" "miller:

solomon in proper persona." ECF No. 8 at 1. The Complaint also states: "Whereas I miller, soloman a living man having dominion over self hereby present this matter[.]" *Id.* at 1. Finally, the Amended Complaint is signed by "Miller: Solomon, Authorized Representative for Represented person." *Id.* at 6. Because Plaintiff would be failing to comply with this Court's February 13, 2023 Order if Plaintiff were filing this *pro se* case on behalf of an estate, the Court will construe the Amended Complaint as being brought by Solomon Miller. *Id.* at 1. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (courts are obligated to "liberally construe a *pro se* litigant's pleadings"). The Court has thus amended the case caption. ECF No. 16.

    The Amended Complaint, which is extremely similar to the initial Complaint, is not clear and has *very* few facts. As best as the Court can understand, it appears that the Amended Complaint concerns the foreclosure of a home located at 5337 Belfield Avenue in Philadelphia, Pennsylvania, which Plaintiff contends was "not valid, and VOID" purportedly pursuant to 15 U.S.C. § 1635. *Id.* at 1–3. Plaintiff asserts Defendant's actions violate criminal civil rights conspiracy statutes, 18 U.S.C. §§241 and 242, and constitutional rights. Plaintiff also refers to U.S. Code and case law including 18 U.S.C § 443, which pertains to war contracts, and cases involving forfeiture and taxes on people selling religious merchandise. Plaintiff also raises the constitutionality of the "business practices" of the "county courts." ECF No. 8 at 5. Whether Plaintiff intended to sue "Julio Aldecocea" or "Lakeview Loan Servicing LLC" is unclear (*id.* at 1) because he also named "Bank of America NA, and their associates" in the "Conclusion" of Complaint (*id.* at 6). To add to the confusion, on the "Civil Cover Sheet," Plaintiff checked two boxes that indicate that Defendant is a "Citizen of this State" and is "Incorporated or Principle Place of Business In this State." *Id.* 8 at 26.

Thereafter, on March 18, 2023, Plaintiff filed a Proof of Service (ECF No. 9), however, it appeared that Plaintiff filled out the form himself and that the form was incomplete. Contained in this filing was a United States Postal Service receipt with tracking numbers and two United States Postal Service Certified Mail (Domestic Mail only) receipts, indicating deliveries were made to zip codes 33146 and 18976, and a return receipt was requested. ECF No. 9. There is no record of the addresses where items were delivered or who received the deliveries. This Court has not received any indication that service of process was signed by the Defendant or an authorized agent or that Defendant affirmatively accepted the service of process.

Thereafter, Plaintiff filed an Affidavit addressed to the Commissioner of the Department of Records at the County of Philadelphia, which references criminal charges that will be filed against the Commissioner if he fails to comply with Plaintiff's demand that the Deed be put back in Solomon Miller's name, and filed an Affidavit for Default Judgment against Julio Aldecocea d/b/a Lakeview Loan Servicing. ECF Nos. 10, 11. This Court issued an Order finding that service was never properly made. ECF No. 12. The Order instructed Plaintiff to properly serve the Amended Complaint according to the Federal Rules of Civil Procedure and denied the Affidavit for Default Judgment (ECF No. 11) without prejudice to refile if the Defendant fails to respond to a properly served Summons and Complaint. ECF No. 12.

In response to this Order, Plaintiff attempted again to serve the summons on Defendant and a process server delivered documents to a receptionist at KML Law Group, which is not an authorized agent of Julio Aldecocea or Lakeview Loan Servicing. ECF No. 13. KML Law Group represented Lakeview Loan Servicing in the mortgage foreclosure of the property at 5337 Belfield Avenue. In a third attempt to serve Defendant, Plaintiff hired a service processor to serve, which resulted in "Linda Harvard" signing a document stating, "I received the enclosed documents on

Friday, April 21, 2023 at 4425 Ponce De Leon Boulevard Coral Gables Florida 33146, Suite MS 5-251." ECF No. 14 at 2. The address is Lakeview Loan Servicing's business address, but Linda Harvard's connection to Lakeview Loan Servicing LLC and Julio Aldecocea is not clear.

On May 12, 2023, Defendant filed a Motion to Dismiss Pursuant to Federal Rules of Civil 12(b)(5) and 12(b)(6). ECF No. 15. The Motion echoes this Court's reading of Plaintiff's Amended Complaint calling it "rambling and incomprehensible" and further argues that the Amended Complaint should be dismissed with prejudice because the lawsuit was not properly served, is void of any factual allegations or legitimate causes of action, is precluded under the *Rooker-Feldman* Doctrine, and is time-barred. ECF No. 15.

Plaintiff had until May 25, 2023, to respond to Defendant's Motion. Pa. R. C. P. 7.1(c) (permitting fourteen days to respond to motions). Plaintiff did not file a response, either timely or untimely. Alternatively, Plaintiff could have filed an amended complaint by June 2, 2023. Fed. R. Civ. P. 15(a)(1)(B) (permitting twenty-one days to amend the complaint following a motion to dismiss). Plaintiff did not use this option, either. Accordingly, the Court will treat Defendant's Motion to Dismiss as uncontested and ripe for consideration. *See* Pa. R. C. P. 7.1(c).

## II. STANDARD OF REVIEW

Proper service of the summons is "pre-requisite" for a court to obtain personal jurisdiction over a defendant. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991). Therefore, the validity of service must be decided at the outset of a case. *Id.* at 701. In a motion to dismiss pursuant to Rule 12(b)(5), "the party asserting the validity of service bears the burden of proof on that issue." *Grant Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). That party may do so through "affidavits, depositions, and oral testimony." *Fortes v. Boyertown Area Sch. Dist.*, No. CIV.A. 12-6063, 2014 WL 3573104, at *3 (E.D. Pa. July 18, 2014) (quoting

5

*Villanova v. Solow*, No. CIV. A. 97-6684, 1998 WL 643686, at *1 (E.D. Pa. Sept. 18, 1998)); *see also State Farm Mut., Auto. Ins. Co. v. Tz'doko V'CHESED of Klausenberg*, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008).

A *pro se* litigant is not excused from compliance with the Federal Rules of Civil Procedure. *Pierre v. Carter*, No. 18-cv-5288, 2019 WL 13248969, at *1 (E.D. Pa. May 16, 2019) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). *Pro se* plaintiffs must effectively serve defendants because "[a]t the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Muhammad v. Pennsylvania Dep't of Educ.*, No. 5:18-CV-02647, 2019 WL 1552567, at *3 (E.D. Pa. Apr. 10, 2019) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

**III.   DISCUSSION**

Proper service is governed by Rule 4 of the Federal Rules of Civil Procedure and requires plaintiffs to serve a summons and a copy of the complaint on the defendant. Fed. R. Civ. P. 4(c)(1). Rule 4(e) and 4(h) provide the rules for serving an *individual* and a *corporation*, respectively. Because it is unclear from the pleadings whether Plaintiff intended for Julio Aldecocea to be subject to the suit individually or for Lakeview Loan Servicing to also be subject to suit, this Court will examine the validity of service under both Rule 4(e) and 4(h). *See Higgs*, 655 F.3d at 339 (courts are obligated to "liberally construe a *pro se* litigant's pleadings").

Rule 4(e) provides an *individual* may be served by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> **(2)** doing any of the following:
> > **(A)** delivering a copy of the summons and of the complaint to the individual personally;

> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In turn, 4(h) provides that a *corporation* must be served:

> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h). For the reasons that follow, this Court finds Plaintiff's three service attempts invalid under all applicable law.

### A. Plaintiff's service attempts are not valid under Federal Rules of Civil Procedure 4(e) and 4(h).

As previously stated, Rule 4(h)(1) provides two ways to serve a corporation within a judicial district of the United States: either in a way prescribed by Rule 4(e)(1) for serving an individual *or* by delivering a copy of the summons and the complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(A), (B). For the second way, under Rule 4(h)(1)(B), the Third Circuit has held an individual who is physically present at a business location does not constitute by default an officer or agent. *Gabros v. Shore Med. Ctr.*, 724 Fed. App'x 119, 122 (3d Cir. 2018) (noting a process server leaving a copy of the summons and complaint with a "particular person" at a place of business did not satisfy Rule 4(h)(1)(B)). Here, Plaintiff served "Linda Harvard" at

Lakeview's place of business.[2] The record is devoid of any evidence that Linda Harvard was an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, and Plaintiff has not provided any affidavits, depositions, or oral testimony to show otherwise. Thus, service did not conform with Rule 4(h)(1)(B).

The record is also devoid of any evidence that Plaintiff delivered a copy of the summons and the complaint to the Defendant personally, left a copy of each at the Defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivered a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Thus, service did not conform with Rule 4(e)(2).

For the first way, as previously mentioned, Rule 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction *in the state where the district court is located or where service is made*." Fed. R. Civ. P. 4(e)(1) (emphasis added). Here, because this Court is in Pennsylvania and service was attempted in Florida and Pennsylvania, Pennsylvania and Florida rules governing service of process apply. *See E&H Conveyors, Inc. v. New Horizons Equity Funding, LLC*, No. 19-CV-2990, 2019 WL 13098890, at *1 (E.D. Pa. Oct. 17, 2019). For the reasons that follow, Plaintiff's service attempts are not valid under Pennsylvania or Florida service rules.

### B. Plaintiff's service attempts are not valid under Pennsylvania service rules.

---

[2]  This Court takes judicial notice of the name of Lakeview Loan Servicing, LLC's registered agent, Brian E. Bomstein, and its registered address, 4425 Ponce de Leon Boulevard, 4th Floor, Coral Gables, Florida 33146, which are contained in public records and can be accessed at sunbiz.org. *See In re ATI Techs., Inc. Sec. Litig.*, 216 F. Supp. 2d 418, 430 (E.D. Pa. 2002) (a court can take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment).

Under Pennsylvania law, a plaintiff may properly serve process upon a defendant by certified mail. Pa. R. Civ. P. 403. Proper service of process by mail "requir[es] a receipt signed by the defendant or his authorized agent." *Id*. Here, ECF No. 9 offers no evidence that Defendant or an authorized agent of the Defendant signed a receipt, thus the mailing is insufficient under Pennsylvania's service rules. *Washington v. LM Gen. Ins. Co.*, 598 F. Supp. 3d 280, 286 (E.D. Pa. 2022); *see also Ghost v. Victory Recovery Serv., Inc.*, CIV.A. 14-215, 2014 WL 1515700 (E.D. Pa. Apr. 17, 2014) (service ineffective under Rule 403 when someone, not the defendant or an authorized agent thereof, "signed the return receipt card").

Pennsylvania Rule of Civil Procedure 404 provides the rule for service outside the Commonwealth. Rule 404(1) authorizes service "by a competent adult who is not a party in the manner provided by Rule 402(a)." Pa. R. Civ. P. 404(1). Rule 402(a)(2)(iii) provides for service upon a defendant by handing a copy of the summons and complaint at "any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R. Civ. P. 402(a)(2)(iii). For the purposes of Pennsylvania Rule of Civil Procedure 402, a "person for the time being in charge" of any office or usual place of business of the defendant is an individual with either "a connection to the party to be served" or "one whom the process server determines to be authorized, on the basis of her representation of authority, as evidenced by the affidavit of service." *Grand Entm't Grp.*, 988 F.2d at 485. The individual must "derive or appear to derive authority from the party upon whom service is attempted." *Id.*

This Court did not find any ruling in Pennsylvania that considered service valid without evidence that the person served had actual authority or a direct or claimed connection to the defendant. *Compare Tz'doko*, 543 F. Supp. 2d at 49, *and Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 485 (3d Cir. 1993) (service ineffective where the summons was delivered

9

to a receptionist not employed by the defendant at an office building in which defendant was one of the many companies), *and Fisher v. Kemble Park, Inc.*, 142 A.2d 353 (Pa. Super. 1958) (service ineffective where summons delivered to janitor who worked at the defendant's office, but was not employed by the defendant), *with Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915 (Pa. 1997) (service valid where summons was delivered to defendant's receptionist). Here, the process server delivered the summons to a "Linda Harvard" at Defendant's place of business. Because there is no evidence that Linda Harvard was "in charge" of Defendant's place of business and therefore a proper recipient under Pennsylvania Court Rule 402(a)(2)(iii), or had a direct or claimed connection with Defendant, the Court concludes that the service attempt of Defendant in Florida was insufficient under Pennsylvania Rule 402.

The record also lacks any indication that the receptionist at KML Law Group was an authorized agent of Defendant. *See Trzcinski v. Prudential Prop. and Cas. Ins. Co.*, 597 A.2d 687 (Pa. Super. 1991) (ineffective service where summons was delivered to a secretary of a law firm that had previously represented the defendant). Accordingly, the Court concludes that service of Defendant in Pennsylvania was insufficient under Pennsylvania Rule 402.

### C. Plaintiff's service attempts are not valid under Florida service rules.

Under Florida law, a plaintiff may properly serve process upon a defendant by certified mail. Fla. R. Civ. P. 1.070(i). A defendant must affirmatively accept service of process by mail. *Id*. The defendant may also accept service by returning a waiver of service of the summons to the plaintiff. *Id*. Here, Plaintiff's initial mailing (ECF No. 9) contains insufficient evidence that Defendant affirmatively accepted the service of process or that a waiver of service of the summons was sent and returned to Plaintiff. Thus, this initial attempt at service also fails under Florida's service rules.

Florida Statute 48.062 provides the rule for service on domestic limited liability companies, stipulating they "may be served with process required or authorized by law by service on its registered agent designated by the domestic limited liability company . . . under chapter 605." Fla. Stat. Ann. § 48.062 (West). Here, there is no evidence that "Linda Harvard" or the law firm were a registered agent designated by Lakeview. In fact, public records indicate that Lakeview's registered agent is Brian E. Bomstein. *See supra* n.2. Thus, the service attempts upon Lakeview Loan Servicing were insufficient under Florida's service rules.

In summary, Plaintiff submitted three proofs of service. In the first, Plaintiff mailed documents to specified zip codes. However, the record lacks credible evidence that Defendant or an authorized agent of Defendant affirmatively received the service of process. Pa. R. Civ. P. 403; Fla. R. Civ. P. 1.070(i). The second and third attempts, read liberally, indicate that a process server went to Defendant's place of business and a law firm that previously represented Lakeview, and left copies of the summons and complaint with a particular person at each location. There is no proof that Defendant or authorized agent signed a receipt or affirmatively accepted the service of process. There is also no evidence that either the receptionist at KML Law Group or Linda Harvard was "an officer, a managing or general agent, or an[ ] . . . agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Nor is there any basis to conclude that Linda Harvard was "in charge" of Defendant's place of business and therefore a proper target of process under Pennsylvania Rule 402(a)(2)(iii). There is also no evidence that either recipient was a "registered agent designated by the LLC under chapter 605" as required by Fla. Stat. Ann. § 48.062 (West). Accordingly, Plaintiff has consistently failed to establish that he served Defendant by any method permitted by Federal Rule of Civil Procedure 4, and therefore, Plaintiff's Amended

11

Complaint will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5).

Finally, the Court notes that because effective service of process is necessary for a court to render any judgment, the Court cannot assess the merits of Plaintiff's Amended Complaint. *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). However, should Plaintiff file a second amended complaint, the Court strongly urges Plaintiff to clarify the defendant he is suing and the claims he is bringing.

## IV.   CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) (ECF No. 15) and Plaintiff's Amended Complaint will be **DISMISSED** without prejudice.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**